535 A.2d 276

South Whitehall Township Police Service, Appellant *v.* South Whitehall Township and Donald Mac-Connell, Appellees.

Argued November 16, 1987, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Aaron M. Matte,* for appellant.

*Maria C. Mullane,* with her, *Blake C. Marles, Weaver, Mosebach, Piosa, Hixson, Wallitsch & Marles,* for appellees.

*Anthony C. Busillo, II,* for amicus curiae, Pennsylvania State Lodge, FOP.

*Thomas D. Caldwell, Jr., Caldwell & Kearns,* for amicus curiae, Pennsylvania Chiefs of Police Association.

OPINION BY JUDGE COLINS, December 30, 1987:

The South Whitehall Township Police Service (Appellant), the collective bargaining agent for the South Whitehall Township (Township) uniformed police, appeals an order of the Court of Common Pleas of Lehigh County which granted the Motion for Summary Judgment filed by the Township and Donald MacConnell, Police Chief (collectively, appellees), and dismissed appellant's Complaint for lack of standing.

At the heart of this matter are three memoranda issued to the uniformed police officers by Chief MacConnell on January 29, 1982, February 8, 1983, and December 26, 1985, establishing a "concrete and objective measure" of employee performance. Pursuant to the memoranda each officer was required to make a certain number of citizen "contacts" per month, such contacts defined as "any personal interaction between an officer performing his police function and a member of the public." Examples of appropriate "contacts" included,

but were not limited to, the issuance of warnings or citations, the investigation of a citizen complaint, the apprehension of, contact with or arrest of a suspect, any engagement in the abatement of a problem or the submission of criminal complaints. Any officer failing to make the requisite number of contacts[1] was subject to sanctions of increasing severity, ranging from the placement of letters of reprimand within the officer's personnel file to the termination of his employment.

In response to the implementation of the memoranda, appellant filed a Complaint[2] seeking declaratory and injunctive relief on the basis that the memoranda collectively constituted a quota system in violation of Section 1 of the Act of October 30, 1981, P.L. 321, 71 P.S. §2001, commonly referred to as Act 114, which provides that:

> No political subdivision or agency of the Commonwealth shall have the power or authority to order, mandate, require or in any other manner, directly or indirectly, suggest to any police officer, State Police Officer, game commission officer, fish commission officer or any other officer employed by such political subdivision or agency of the commonwealth that said police officer, state police officer, game commission officer, fish commission officer or any other officer *shall issue a certain number of traffic citations,*

---

[1] The final memorandum established a minimum of twenty-five contacts per month, a standard judged "reasonable" by Chief MacConnell, in light of the fact that it required an average of less than two personal contacts in each working day and was consistent with the officers' past performance.

[2] Appellant's Complaint contested the implementation of the memoranda dated January 29, 1982 and February 8, 1983; the third and final memorandum was contested by Amended Complaint, filed February 18, 1986.

*tickets or any other type of citation on any daily, weekly, monthly, quarterly or yearly basis.* (Emphasis added.)

Following discovery and upon appellee's Motion for Summary Judgment, the trial court determined that appellant, in its sole capacity as collective bargaining agent, represented the uniformed police officers exclusively for purposes of collective bargaining and thus lacked standing to pursue the instant contest, the gravamen of which was *dehors* the collective bargaining agreement. The trial court granted appellee's Motion for Summary Judgment and this appeal followed.

It is well-settled that summary judgment is only appropriate when a case is free from all doubt; that is, when the moving party has established that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Mancia v. Department of Transportation,* 102 Pa. Commonwealth Ct. 279, 517 A.2d 1381 (1986). Because we approve of the trial court's determination that appellant lacks standing in the instant matter, we limit our consideration solely to that question.

Our Supreme Court outlined the general principles of standing as follows:

> The core concept, of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge. In particular, it is not sufficient for the person claiming to be 'aggrieved' to assert the common interest of all citizens in procuring obedience to the law.

*Morris v. Goode,* 107 Pa. Commonwealth Ct. 529, 529 A.2d 50, 52 (1987), *quoting William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 280-81 (1975).

Appellant, by the averments in its Complaint, is an unincorporated association serving as the collective bargaining agent for the uniformed police.[3] The Complaint sought a declaration that the subject memoranda constituted a proscribed quota system and an injunction against the continued implementation of the performance requirements and the sanctioning of any officer pursuant to such standard. Appellant, as the trial court properly determined, represents the uniformed police *only* with respect to collective bargaining.[4] Any harm allegedly imputed to the implementation of the performance standard runs to individuals, namely, the recipients of artificially-inflated numbers of citations or the individual officer compelled to issue same. Appellant *association* is not the recipient nor issuer of these citations. As such, the *association* is not "aggrieved" by the implementation of the performance standard so as to have standing as that term is defined in *William Penn Parking Garage*.

---

[3] *See* Section 1 of the Act of June 24, 1968, P.L. 237, 43 P.S. §217.1, which authorizes policemen employed by a political subdivision of the Commonwealth to bargain collectively through labor organizations or other representatives concerning the terms and conditions of their employment.

[4] The trial court found that appellant lacked standing, in part, on the basis of the management rights clause in the Collective Bargaining Agreement which provision reserved to the Township "the right to maintain efficiency of the Police Department by determining the methods, the means and personnel by which such operations are conducted. . . ." Concluding that appellant represented the uniformed police only with respect to collective bargaining and that the instant litigation was *dehors* the scope of the Collective Bargaining Agreement, the trial court held that appellant lacked authority to represent the uniformed police with regard thereto. It is not the function of this Court to decide disputes arising out of the interpretation of the provisions of a collective bargaining agreement. *See Maras v. Department of Public Welfare*, 111 Pa. Commonwealth Ct. 404, 534 A.2d 153 (1987).

Appellant repeatedly asserts that the instant action is not brought under the collective bargaining agreement governing the employment of the Township's police officers but is instead a suit in equity which seeks extraordinary relief. By such assertions, appellant effectively lends support to our conclusion that it lacks standing in the matter *sub judice*. Appellant here lacks standing precisely because this matter is *not* brought under the collective bargaining agreement.

Accordingly, the order of the Court of Common Pleas of Lehigh County is affirmed.

### Order

AND NOW, December 30, 1987, the Order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.